UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BAZZETTA,

Plaintiff,

Case No. 1:13-CV-1117

v.

HON. ROBERT J. JONKER

RICHARD HALLWORTH, et al.,

Defendants.

/

**OPINION AND ORDER**
**RE REPORT AND RECOMMENDATION**

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 12), recommending that Defendants' motion for summary judgment (docket no. 8), be granted. The Plaintiff has filed an objection to the Report and Recommendation (docket no. 13). The Defendants have filed a response to the objection (docket no. 15).

**I. STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision,

> receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Plaintiff's Objections to the Magistrate's Report and Recommendation. After its review, the Court approves and adopts the Magistrate Judge's Report and Recommendation.

Plaintiff is presently incarcerated. Plaintiff's complaint alleges a deliberate indifference with respect to medical treatment of his hernia, and a violation of his Eighth Amendment rights based on inadequate medical treatment—specifically, by refusing to approve and provide certain surgical procedures for his hernia. Instead, he received medical treatment in the form of a truss, which he asserts caused him considerable pain. Defendants filed for summary judgment. Notably, Plaintiff did not file a response to the Defendants' motion for summary judgment.

The Report and Recommendation carefully reviews the record and examines the relevant law, and recommends that both motions be denied. The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and thorough, and accordingly adopts its conclusion.

## II. BAZZETTA'S OBJECTIONS

### *A. Statute of Limitations*

Plaintiff argues that the three-year statute of limitations does not bar his older claims based on a continuing violation theory. He claims that this theory applies because the Defendants refused

his treatment several times, and that Defendants denied the treatment that he requested for financial reasons. This is incorrect. The statute of limitations period starts to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (internal quotation marks omitted). Accordingly, "[i]n determining when the cause of action accrues in section 1983 actions, [courts] have looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)); *see also McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) ("[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action[.]"). The injury which was the basis of his action was his not receiving his preferred medical treatment after his December 2009 hernia evaluation, the statute of limitations was tolled while he exhausted his claim with the prison officials, and the period expired in April 2013, months before he filed the current action. Additionally, Plaintiff failed to respond to the summary judgment motion in a timely fashion, which provides an additional basis for overruling his objection.

***B. Eighth Amendment Claim***

Plaintiff objects to the Report and Recommendation's dismissal of his claim, stating that his failure to receive the treatment that he wanted constituted the sort of woefully inadequate or blatantly inappropriate treatment found to be a violation under various case law. But these cases he relies on presented factual scenarios quite distinct from the one at issue here: in *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005), a individual suffering from continual vomiting was denied additional stomach medicine and instead given ibuprofen, which the Court noted individuals in his condition

were advised to avoid; in *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999), an individual was denied not only food but also doctor-prescribed medicine. Plaintiff was not given a remedy understood to worsen his condition or denied his prescribed medicine. Instead, Plaintiff's doctors disagreed about which course of medical treatment would be best, and selected one. The fact that Plaintiff disagrees with the medical advice and decision that he got does not mean that a constitutional violation occurred. *See Wilkins v. Wahl*, 563 F. App'x 495, 497 (7th Cir. 2014) (noting that "disagreement among doctors is not enough to show deliberate indifference"). Moreover, his failure to respond in a timely fashion provides additional grounds on which to overrule his objection.

***C. Defendant Hallworth***

Plaintiff asserts that Defendant Hallworth perpetuated unconstitutional policies and customs, and made decisions relating to Plaintiff's surgery. However, as the Magistrate Judge noted, he provides no evidence to support his claim that Hallworth denied his request for surgery, and so summary judgment is appropriate. This is because, "even if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (internal citations and quotation marks omitted). No such showing is made here: a notice of intent to file a malpractice claim, or the fact that the company is for-profit, does not bridge the gap. And just as importantly, again, Plaintiff failed to raise this allegation in a timely fashion, which serves as an independent reason for overruling his objection.

## III. CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 12), is accepted; and Defendants' motion for summary judgment (docket no. 8) is **GRANTED.**

**IT IS SO ORDERED.**

Dated: August 24, 2015

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES CHIEF DISTRICT JUDGE